UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
NATIONAL CONTINENTAL
INSURANCE COMPANY,

        Plaintiff,

 -v-                                                     No.  13 Civ. 6030 (LTS) (GWG)

MONICO LUGO, JR. et al.,

        Defendants.
-------------------------------------------------------x

MEMORANDUM ORDER

        Plaintiff National Continental Insurance Company ("National") brings this declaratory judgment action against Defendant Margiotta Enterprises LLC ("Margiotta"), Defendant Daniel Solano ("Solano"), Defendant Eco America Trucking Corp. ("Eco America"), Defendant Advanced Disposal Services, Inc. ("Advanced"), Defendant Sav On Waste Trucking Services, LLC ("Sav-On") Monico Lugo Jr. and Sarah Lugo ("the Lugos") (collectively, "Defendants") to determine whether its insurance policy covers the underlying claims and injuries detailed in its Complaint and whether National has a duty to defend and/or indemnify Margiotta in the related underlying state court personal injury action.  National asserts that the Court has jurisdiction of this action pursuant to 28 U.S.C. §1332.

        The Lugos now move, pursuant to Federal Rule of Civil Procedure 12(b)(1), to dismiss National's Complaint for lack of subject matter jurisdiction, arguing that the matter is not ripe for adjudication in a declaratory judgment action.  For the following reasons, the motion is denied.

BACKGROUND

On June 20, 2011, in Pike County, Pennsylvania, Solano, an employee of Eco America, was operating a tractor owned by his employer and a trailer owned by Sav-On, when he collided with one or more vehicles.  (Compl. ¶¶ 12–16.)  The Lugos have commenced a personal injury action against Solano, alleging that they sustained personal injuries and derivative damages as a result of Solano's conduct in operating the tractor and trailer.  (Id. at ¶20.)

Prior to the accident, Advanced had executed an agreement with Margiotta to transport refuse on Advanced's behalf.  (Compl. ¶ 17.)  Margiotta then subcontracted these duties and responsibilities to Eco America.  (Id. at ¶ 18.)

Margiotta had obtained insurance from National (policy number 04660475-1), which was effective from April 19, 2011 through April 19, 2012.  (Id. ¶ 21.)  The parties do not dispute that the policy was in full force and effect on the day the accident occurred.  (Id. at ¶ 21.)  However, the policy included a declarations page that listed the type of coverage Margiotta had purchased, any limitations on the coverage, and which of Margiotta's autos were insured by the policy.  (See id. at ¶ 22.)  According to National, "neither the tractor nor trailer was specifically described on the declarations page, nor were they owned by Margiotta on the day of the accident."  (Id. at ¶ 23.)

The Lugos commenced an action against Solano, Eco America, and Sav-On in the Court of Common Pleas of Lackawanna County, Pennsylvania, on February 25, 2013.  (Pl.'s Br. Supp. Mot. Dismiss, 2.)  On June 19, 2013, the Lugos filed a writ of summons in the Court of Common Pleas of Lackawanna County, Pennsylvania, naming Margiotta as an additional

defendant.  (Id.)  To the Court's knowledge, the Lugos have not yet filed a complaint against Margiotta in Pennsylvania state court.  (Id.)  On August 26, 2013, National filed the instant Complaint, naming the Lugos and others as defendants, seeking a declaration concerning its obligations, if any, under the Margiotta policy.

## DISCUSSION

Under the Federal Rules of Civil Procedure, "[a] case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it."  Luckett v. Bure, 290 F.3d 493, 496 (2d Cir. 2002).  In considering a Rule 12(b)(1) motion to dismiss, the court accepts all of the factual allegations in the plaintiff's complaint as true, but the plaintiff has the burden of demonstrating that there is a proper basis for the exercise of jurisdiction.  See Lerner v. Fleet Bank, 318 F.3d 113, 117 (2d Cir. 2003).  The Declaratory Judgment Act provides that, "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States, upon a filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."  28 U.S.C. § 2201.  Given the undisputed existence of diversity jurisdiction, the Court has statutory power to adjudicate this case.

In order for the Court to have constitutional jurisdiction of a claim asserted under the Declaratory Judgment Act, the claim must be justiciable.  MedImmune, Inc. v. Genetech, Inc., 549 U.S. 118, 127 (2007).  A claim is justiciable if it is "definite and concrete, touching the legal relations of parties having adverse legal interests."  Id. (internal citations omitted).  "That liability may be contingent does not necessarily defeat jurisdiction of a declaratory judgment action [in the insurance context].  Rather, courts should look at the practical likelihood that the

contingencies will occur . . . ." Associated Indem. Corp. v. Fairchild Industries Inc., 961 F.2d 32, 35 (1992) (internal citations and quotations omitted).

The Court finds that National has met its burden of demonstrating that its claim for declaratory relief is justiciable. The Lugos have filed a writ of summons in Pennsylvania state court naming Margiotta as an additional defendant in an existing state action against Solano that arises from the accident. Under Pennsylvania law, "[a]n action can be commenced by filing with the prothonotary (1) a praecipe for a writ of summons, or (2) a complaint." Pa. R. Civ. P. 1007. Because the Lugos have filed a writ of summons as to Margiotta, which is sufficient to commence an action in Pennsylvania state court, a live controversy between the Lugos and Margiotta exists. As Margiotta's insurer, National's interest is adverse to the Lugos' because there is a practical likelihood that National will be called upon to defend or indemnify Margiotta. See Maryland Cas. Co. v. Pacific Coal & Oil Co., 312 U.S. 270 (1941); see also Associated Indem. Corp., 961 F.2d at 35 ("indeed, litigation over insurance coverage has become the paradigm for asserting jurisdiction [for declaratory judgment actions] despite future contingencies that will determine whether the controversy ever actually becomes real.").

After determining that a claim is justiciable, the Court must apply a two-part test to determine whether it should exercise its discretion to entertain the declaratory judgment action. Duane Reade Inc. v. St. Paul Fire and Marine Ins. Co., 411 F.3d 384, 389 (2d Cir. 2005). The court must (1) determine "whether the judgment will serve a useful purpose in clarifying or settling the legal issues involved"; and (2) determine "whether a judgment would finalize the controversy and offer relief from uncertainty." Id. Turning to the first question, the Court finds that determining whether National's insurance policy covers the claims and injuries resulting

from the collision will serve a useful purpose, in clarifying National's legal obligation to Margiotta in the underlying state action. Turning to the second question, the Court finds that a judgment would finalize the controversy over whether National has a duty to defend Margiotta in the underlying state action and, if Margiotta is found liable in the state court action, whether it will have to indemnify Margiotta. Hence, the two-part test is satisfied, and the Court will exercise its jurisdiction of this action.

## CONCLUSION

For the foregoing reasons, the Lugos' motion to dismiss the Complaint is denied. This Memorandum Order resolves docket entry number 12.

The initial pre-trial conference will be held on **July 11, 2014, at 11:15 A.M.** The parties are directed to consult and make their submission in advance of the conference as provided in the Initial Conference Order (docket entry no. 5).

SO ORDERED.

Dated: New York, New York
      June 2, 2014

        /s/ Laura Taylor Swain
        LAURA TAYLOR SWAIN
        United States District Judge